EDWARDS, Judge.
From a judgment in favor of plaintiff, defendants appeal. We affirm.
This is an intersectional collision case. Plaintiff and defendant Williams were approaching the intersection from opposite directions. Defendant was stopped at a red light, and plaintiff, having entered the intersection on a green left turn arrow was in the process of making a -left turn when the green arrow went off. As the left turn arrow went off, defendant’s red light turned green, allowing traffic to flow through the intersection in both directions. Defendant pulled into the intersection and collided with plaintiff, damaging the right rear portion of plaintiffs car.
Although defendant would otherwise have had the right-of-way, he was bound to yield the right-of-way to plaintiff because she was already lawfully in the intersection. See LSA-R.S. 32:232(l)(a). When defendant’s light turned green, he had a duty “to make a general observation of the intersection and to allow traffic already in the intersection at the time of the light change to complete the crossing thus begun.” Correge v. Webb, 284 So.2d 355, 361 (La.App. 4th Cir.), cert. denied, 286 So.2d 664 (La.1973) (emphasis in origi *245 nal). Plaintiff was in the intersection, signaling for a left turn. The point of impact was on the right rear quadrant of plaintiffs car, showing that she was already in a turning position when defendant hit her. Thus, had defendant exercised only the slightest degree of care, that of maintaining a general observation of the intersection, the accident could have been avoided. See Johnson v. State, 450 So.2d 386, 390 (La.App. 1st Cir.), cert. denied, 450 So.2d 1311 (La.1984).
Defendants argue that we should find at least some percentage of fault on plaintiffs part. However, plaintiff did not breach any duty; she had the right-of-way. Therefore, she was not negligent.
For the foregoing reasons the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.
SHORTESS, J., dissents and assigns reasons.